[Cite as *State v. Colon*, 2011-Ohio-3446.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| PATTI L. COLON | Case No. 2011CA00018 |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from Alliance Municipal Court, Case No. 2010CRB01124

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 11, 2011

APPEARANCES:

For Plaintiff-Appellee

WILLIAM F. MORRIS
470 East Market Street
Alliance, OH 44601

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Avenue North
Suite 808
Canton, OH 44702

*Farmer, J.*

{¶1} On September 2, 2010, appellant, Patti Colon, was charged with one count of theft in violation of R.C. 2913.02. Said charge arose from an incident wherein appellant was stopped while exiting a Wal-Mart with unpaid merchandise (Cricut cartridges) inside her purse.

{¶2} A jury trial commenced on December 16, 2010. The jury found appellant guilty as charged. By judgment entry filed same date, the trial court sentenced appellant to three days in jail and ordered her to pay a fine of $100.00 plus court costs.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶5} Appellant claims her conviction for theft was against the manifest weight and sufficiency of the evidence. We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the

evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

**{¶7}** Appellant argues the evidence that she knowingly committed a theft offense was insufficient to support a conviction beyond a reasonable doubt, and the testimony of Tobias Young, Wal-Mart's loss prevention employee, lacked credibility. Appellant was convicted of theft in violation of R.C. 2913.02(A) which states the following:

**{¶8}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶9}** "(1) Without the consent of the owner or person authorized to give consent;

{¶10} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

{¶11} "(3) By deception;

{¶12} "(4) By threat;

{¶13} "(5) By intimidation."

{¶14} Appellant argues her testimony that she had previously purchased the Cricut cartridges at Wal-Mart on a different date was more credible than Mr. Young's testimony.

{¶15} Mr. Young testified he first observed appellant in the craft department, hunched over her shopping cart and digging into her purse. T. at 22-23. She then took plastic bags out of her purse and threw them in the bottom of her cart. T. at 23. This caused Mr. Young to continue watching appellant until she left the store to make sure she was not going to place anything within the bags and try to leave the store. T. at 24-25. Mr. Young observed appellant take three Cricut cartridges off the shelf and place them in the top part of her cart. Id. She proceeded to the electronics department and picked up a movie, and walked over to the girls department near the socks display. T. at 25. While in the girl's department, he observed appellant open her purse, place the three Cricut cartridges inside, and "zipped it shut." T. at 26. Appellant then proceeded to the register, paid for the movie, and exited the store. T. at 26. The door "dinged" as the security tags on the Cricut cartridges had not been de-activated. T. at 45-46. Mr. Young stopped appellant and informed her she was being stopped for the Cricut cartridges in her purse to which she responded "okay you got me." T. at 27. Diana Knipp, customer service manager, overheard appellant's statement. T. at 45, 49.

{¶16} Appellant testified when she entered the Wal-Mart store, the three Cricut cartridges were in her purse and the door "dinged." T. at 63-64. She showed the cartridges to the greeter and he told her not to worry "I'll get you on the way out if it goes off." T. at 63. Appellant admitted to going to the craft department and looking at the Cricut cartridges, but put everything back. T. at 64. While in the girls department, she pulled things from her purse looking for "chap stick." T. at 65-66. She pulled the Cricut cartridges out then put them back in. T. at 66. Appellant testified she purchased the cartridges at Wal-Mart some weeks prior and they were never properly de-activated. T. at 73, 75. The cartridges were in her purse because she intended to use them later that day. T. at 66. Appellant denied saying "okay you got me" after she was stopped, just "okay." T. at 68.

{¶17} As we noted earlier, credibility is within the province of the triers of fact. The jury was given two versions of the events. Both Mr. Young and Ms. Knipp testified appellant stated "you got me." Appellant's argument that she had previously purchased the Cricut cartridges was not supported by any independent evidence.

{¶18} The jury had before it Mr. Young's personal observations as to appellant's activity as well as her spontaneous admission when stopped which was testified to by both Mr. Young and Ms. Knipp. Upon review, we find sufficient credible evidence in the record to support the jury's verdict, and no manifest miscarriage of justice.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Alliance Municipal Court is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 0622

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                               :
                                            :
    Plaintiff-Appellee                      :
                                            :
-vs-                                        :          JUDGMENT ENTRY
                                            :
PATTI L. COLON                              :
                                            :
    Defendant-Appellant                     :          CASE NO. 2011CA00018

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court is affirmed.  Costs to appellant.

    _s/ Sheila G. Farmer_____

    _s/ William B. Hoffman_____

    _s/ Patricia A. Delaney_____

                 JUDGES